UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BOYD HESLOP,

         Petitioner,

  -against-              9:08-CV-1105 (LEK/RFT)

DALE ARTUS, Superintendent, Clinton
Corr. Facility,

         Respondent.

## DECISION and ORDER

**I. INTRODUCTION**

  This matter comes before the Court following a Report-Recommendation filed on March 22, 2012, by the Honorable Randolph F. Treece, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Dkt. No. 12 ("Report-Recommendation"). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Petitioner Boyd Heslop ("Petitioner"), which were filed on June 18, 2012. Dkt. No. 14 ("Objections").

**II. STANDARD OF REVIEW**

  **A. Report-Recommendation**

  The Court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No.

95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "[W]here objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error." McAllen, 517 F. Supp. at 679 (quoting Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B. Petition for Writ of Habeas Corpus

"When a state court adjudicates a habeas petitioner's claim on the merits, [the court] must afford that decision the deferential standard of review established by the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') in 28 U.S.C. § 2254(d)." Hawkins v. Costello, 460 F.3d 238, 242 (2d Cir. 2006) (citing Sellan v. Kuhlman, 261 F.3d 303, 310-11 (2d Cir. 2001)). Under deferential AEDPA review, a court may grant a writ of habeas corpus if the state court's adjudication on the merits either: (1) "was contrary to, or involved an unreasonable application of, clearly established, Federal law as determined by the Supreme Court of the United States;" 28 U.S.C. § 2254(d)(1); or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).

The petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." Id. § 2254(a); Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997). Further, under the AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing

2

evidence." 28 U.S.C. § 2254(e)(1); see also DeBerry v. Portuondo, 403 F.3d 57, 66 (2d Cir. 2005); Boyette v. LeFevre, 246 F.3d 76, 88 (2d Cir. 2001).

A state court decision is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the U.S. Supreme] Court on a question of law" or if it "decides a case differently than [the U.S. Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Unreasonableness is determined by an 'objective' standard." Gersten v. Senkowski, 426 F.3d 588, 607 (2d Cir. 2005) (quoting Williams, 529 U.S. at 409), cert. denied, 547 U.S. 1191 (2006). "An incorrect decision is not necessarily unreasonable. Instead, we look for '[s]ome increment of incorrectness beyond error.'" Hawkins, 460 F.3d at 243 (quoting Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000)).

Further, the Second Circuit has enumerated three guiding questions that courts should ask in determining if habeas relief is appropriate:

> 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

Williams v. Artuz, 237 F.3d 147, 152 (2d Cir. 2001) (citing Francis S., 221 F.3d at 108-09).

## III.  DISCUSSION

Here, Petitioner's Objections are laid out in the form of a full memorandum of law, including sections on background and procedural history. The sections in Petitioner's Objections mirror the sections in the Report-Recommendation – and in some cases, including the Standard of Review, copy the Report-Recommendation nearly verbatim. Compare Report-Rec. at 7-8, with Obj. at 8-9. Petitioner does not point to any specific findings of law or fact in the Report-Recommendation that he is objecting to. However, Petitioner's Objections do include lengthy legal

analysis of: (1) whether the evidence supporting Petitioner's conviction was legally sufficient; and (2) whether Petitioner's due process rights were violated when the trial court denied his request for a lesser included offense. In light of Petitioner's *pro se* status, the Court construes his submissions liberally to conclude that he seeks to object, specifically, to these two sections of the Report-Recommendation. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990). Accordingly, the Court reviews these sections of the Report-Recommendation *de novo*.[1]

### A. Sufficiency of the Evidence

First, Petitioner claims that his conviction of depraved indifference murder was not supported by legally-sufficient evidence. Obj. at 11-16. Petitioner specifically contends that there was no evidence presented at trial sufficient to establish that he "fully appreciated the risk presented by his conduct." Id. at 11. Further, he contends that based on evidence presented at trial that he had "intellectual and emotional impairments" and diminished mental capacity, the jury could not have found him guilty of possessing the requisite *mens rea* necessary to commit depraved indifference murder. Id.

A petitioner "challenging the sufficiency of the evidence bears a very heavy burden." Einaugler v. Supreme Court, 109 F.3d 836, 840 (2d Cir. 1997). On habeas review of a legal sufficiency challenge, a federal court may only consider whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential

---

[1] In his Objections, Petitioner explicitly withdraws his claims that the trial court erred in precluding testimony of law witnesses and that his sentence was harsh and excessive. Obj. at 19. He also appears to abandon his alternative claim that his conviction was against the weight of the evidence. See generally Obj. The Court has, therefore, reviewed these portions of the Report-Recommendation only for clear error and found none.

elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). This inquiry "does not focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." Herrera v. Collins, 506 U.S. 390, 402 (1993) (emphasis in original). "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson, 443 U.S. at 326.

"When it considers the sufficiency of the evidence of a state conviction, [a] federal court must look to state law to determine the elements of the crime." Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 811 (2d Cir. 2000) (internal quotation omitted). In New York, a defendant is guilty of second degree murder when "[u]nder circumstances evincing a depraved indifference to human life, and being eighteen years old or more the defendant recklessly engages in conduct which creates a grave risk of serious physical injury or death to another person less than eleven years old and thereby causes the death of such person." N.Y. PENAL LAW § 125.25(4).

The Appellate Division rejected Petitioner's claim when he presented it on direct appeal, finding that

> [c]ompelling evidence demonstrated that [Petitioner] knew – after he hit the baby – that he had been severely injured, but nevertheless induced his wife to go back to sleep and left the child to die. Such circumstances clearly present a situation upon which a jury could find that defendant acted with the requisite depravity. "Given the level of force required to inflict these fatal injuries and defendant's attempt to cover up his conduct, the jury reasonably could have concluded that defendant was aware of an obvious risk of death" to the baby and that his actions "presented a grave risk of death and evinced a depraved indifference to the infant's plight."

People v. Heslop, 849 N.Y.S.2d 301, 304 (App. Div. 2007) (citing, *inter alia*, People v. Maddox,

5

818 N.Y.S.2d 664

(N.Y. App. Div. 2006)).

As to Petitioner's *mens rea* argument, the Court is unconvinced that a rational jury could not have found the requisite mental state was present here based on the evidence presented at trial. The fact that Petitioner presented psychological testimony on Petitioner's mental state and the fact that Petitioner finds the prosecution's medical rebuttal to be weak are not sufficient to demonstrate that Petitioner could not have appreciated the nature of his conduct or been unable to act with depraved indifference. To the extent that the jury credited the prosecution's witness and not Petitioner's, the Court must defer to the jury. Jackson, 443 U.S. at 326.

In his Objections, Plaintiff also attempts to distinguish his case from a range of other cases where courts had found sufficient evidence to support a conviction for depraved indifference murder. See Obj. at 11-16 (citing, *inter alia*, People v. Strawbridge, 299 A.D.2d 584 (N.Y. App. Div. 2002), lv. denied 99 N.Y.2d 632 (N.Y. 2003); People v. Best, 85 N.Y.2d 826 (N.Y. 1995)). Plaintiff argues, *inter alia*, that: the defendants in these other cases had engaged in ongoing, repetitive child abuse that had ultimately resulted in death, whereas he only struck his infant son on one occasion; the defendants in these other cases lacked Petitioner's history of mental illness and/or diminished mental capacity; and, while Petitioner's conduct was "reprehensible, it fell short of the wanton cruelty described in" the other cases. Id.

Even if the Court were to conclude that Petitioner's conduct were less egregious than that of defendants in other depraved indifference murder cases, however, that would not in and of itself vitiate his conviction and make habeas relief appropriate. All that the Court must find is that the jury could have *rationally* reached the result that it did. See Herrera, 506 U.S. at 402. In this case,

the evidence at trial showed that Petitioner punched his infant son in the head, was aware that his son was injured, and then lied about the incident and the injury to his wife, thus preventing his son from obtaining required medical assistance.  See generally Obj. at 2-5; Dkt. No. 9-6.  That defendants in other cases might have been convicted on worse facts does not mean that these facts might not also "evinc[e] a depraved indifference to human life."  N.Y. PENAL LAW § 125.25(4).

The jury is a critical component of our criminal justice system, and the Court must show deference to the jury's determinations.  See, e.g., United States v. Farhane, 634 F.3d 127, 144 (2d Cir. 2011); Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996).  In this case, the Court finds nothing on the record to suggest that it would be irrational for a jury to find that Petitioner's actions demonstrated a "depraved indifference to human life."[2]

### B. Lesser Included Offenses

Next, Petitioner claims that he "was denied his due process rights to a fair trial [] when the trial court denied his request for a lesser included offense."  Obj. at 17.  However, this claim "provides no basis for habeas relief."  Rasmussen v. Kupec, 54 F. App'x 518, 519 (2d Cir. 2003).  "Both the Supreme Court and [the Second Circuit] have expressly refrained from deciding whether the Constitution requires lesser-included-offense instructions in non-capital cases."  Id. (citing Beck v. Alabama, 447 U.S. 625, 638 n.14 (1980); Jones v. Hoffman, 86 F.3d 46, 48 (2d Cir. 1996)).

---

[2] The Court notes that defining "depraved indifference to human life" in rational terms might be difficult in many cases.  That is, the phrase itself appears to rely on an emotional or visceral response to a certain set of facts, making it potentially difficult in some cases to determine if a jury could have *rationally* felt this emotional response.  However, this does not appear to be one of those close cases, wherein the Court would have to struggle with the purported rationality of a jury's decision about morality, culpability, and cruelty.

"Since a decision interpreting the Constitution to require the submission of instructions on lesser-included offenses in non-capital cases would involve the announcement of a new rule, [Teague v. Lane, 489 U.S. 288 (1989),] precludes our consideration of the issue." Jones, 86 F.3d at 48. As a result, the Court may not grant relief based on this claim and therefore does not consider its merits.

## IV.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 12) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Petition for a writ of habeas corpus (Dkt. No. 1) is **DENIED**; and it is further

**ORDERED**, that because the Court finds that Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should be issued with respect to any of Petitioner's claims. See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); see also Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000), cert. denied, 531 U.S. 873 (2000); and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED:      December  14 ,2012
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge